**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RAYMOND BIONDI, Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action;

                                               CASE NUMBER:

                                   **JURY TRIAL DEMANDED**

       Plaintiff,

v.

BLOOMIN' BRANDS, INC. & OUTBACK
STEAKHOUSE OF FLORIDA, LLC;

       Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **RAYMOND BIONDI** (hereinafter referred to as "Plaintiff" or "Mr. Biondi"), individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through his undersigned counsel, sues, Defendants, **BLOOMIN' BRANDS, INC. and OUTBACK STEAKHOUSE OF FLORIDA, LLC** (hereinafter collectively referred to as "Defendants"), pursuant to *29 U.S.C. 216(b)*, the Fair Labor Standards Act (the "FLSA"), and states as follows:

### PRELIMINARY STATEMENT

1.      The Fair Labor Standards Act ("FLSA") is our nation's foremost wage law and is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…" 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay

Feldman, Fox & Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

requirements for covered employers.  29 U.S.C. §§206(a) and 207(a).

2.      The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. §203(m).  In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips.  *Id.*  In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: (i) the employer must inform the employee that it will take a tip credit; and (ii) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. *Id.*

3.      A tipped employee is an "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *29 U.S.C. § 203(t).*

4.      However, no tip credit can be taken for an employee who is engaged in a dual job where he or she performs work that is not tip producing and is not incidental to the duties of the tip producing work. *29 C.F.R. § 531.56(e).*

5.      The Department of Labor has clarified 29 U.S.C. § 203(t) by delineating how much time a tipped employee can engage in related, non-tip-producing activity before such time must be compensated directly by the employer at the full minimum wage rate by stating "…where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties. *U.S. Dept. of Labor, Field Operations Handbook Ch. 30d00(e) (Dec. 9, 1988).*

6.      Defendants, BLOOMIN' BRANDS, INC. and OUTBACK STEAKHOUSE OF FLORIDA, LLC, violate the FLSA by requiring their "curbside servers" to spend more than

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

20% of their time performing non-tipped duties for which they do not pay at least the federal minimum wage rate.

7.      Pursuant to policy and plan, Defendants have unlawfully claimed a tip credit and failed to pay Plaintiff, and similarly situated current and former employees, at least the federal minimum wage rate for all time spent performing non-tipped duties.

8.      Accordingly, Plaintiff, RAYMOND BIONDI, brings this collective action on behalf of all similarly situated employees who choose to opt into this action pursuant to §216(b) of the FLSA who have been paid less than the federal minimum wage rate for all time spent performing non-tipped duties.

9.      In this pleading, the term "Curbside Server" means any employee with the title of Curbside Server, Server, Waiter/Waitress, or any other title or position where employees perform substantially the same work as employees with that title (discovery may reveal additional job titles and employees that should be included).

10.      In this pleading, "Defendants" mean the named Defendants: BLOOMIN' BRANDS, INC.  and OUTBACK STEAKHOUSE OF FLORIDA, LLC, and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

11.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.   Plaintiff reserves all rights to plead in the alternative.

## JURISDICTION AND VENUE

12.      This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, because this action involves a Federal Statute, *29 U.S.C. § 216 (b)*.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

13.     This Court has personal jurisdiction over this action, because Defendant operates substantial business in Fulton County, Georgia and the damages at issue occurred in Fulton County, Georgia.

14.     Venue is proper to this Court pursuant to *29 U.S.C. § 216(b)*.

**THE PARTIES**

**The Representative Plaintiff**

15.     Mr. Biondi resides in Fulton County, Georgia. Mr. Biondi has worked for Defendants as a Curbside Server during the relevant time period at Defendants' Outback Steakhouse restaurant located at 3850 Roswell Road N.E., Atlanta, Georgia 30342.

**The Defendants**

16.     Defendant, BLOOMIN' BRANDS, INC., is a Foreign Profit Corporation with its principal place of business at 2202 N. West Shore Blvd., 5th Floor, Tampa, FL 33607. BLOOMIN' BRANDS, INC. is one of the world's largest casual dining companies with approximately 91,000 domestic Team Members and more than 1,500 restaurants throughout 48 states, Puerto Rico, Guam and 21 countries.  Among the many restaurant chains that BLOOMIN' BRANDS, INC. owns and operates is Outback Steakhouse, an Australian themed steakhouse restaurant.

17.     Defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, is a limited liability company organized under the laws of the State of Florida, and has conducted business directly as a foreign limited liability company in State of Georgia.  Defendant, OUTBACK STEAKHOUSE OF FLORIDA, LLC, owns and operates Outback Steakhouse restaurants for Defendant, BLOOMIN' BRANDS, INC. Defendant, OUTBACK STEAKHOUSE OF

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

FLORIDA, LLC, may be served through its registered agent for service of process, Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## NATURE OF THE ACTION AND THE NATIONAL CLASS OF CURBSIDE SERVERS

18.     This collective action arises from an ongoing wrongful scheme by Defendant to unlawfully claim a tip credit for its Curbside Servers and failing to pay them at least the federal minimum wage rate for hours worked performing non-tipped duties.

19.     Plaintiff brings this suit on behalf of a collective class of similarly situated persons composed of:

> All Curbside Servers, Servers, Waiters/Waitresses, or other service employees who perform substantially the same work as employees with that title, who are employed, or have been employed, by Defendants within the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b).

20.     Plaintiff believes that he can adequately represent the Collective Class and consents to doing so.

21.     Plaintiff is a proper Class representative as he has been employed by Defendants as a Curbside Server during the relevant time period.

22.     Plaintiff alleges for himself, and on behalf of the class who elect to opt-in to this action, that he is entitled to the federal minimum wage rate for all hours worked performing non-tipped duties as required by law.

## FACTUAL ALLEGATIONS

23.     Defendant, BLOOMIN' BRANDS, INC., owns and operates all Outback Steakhouse restaurants through its wholly owned subsidiary, Defendant, OUTBACK

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

STEAKHOUSE OF FLORIDA, LLC.    Defendants, BLOOMIN' BRANDS, INC. and OUTBACK STEAKHOUSE OF FLORIDA, LLC share the same principal address: 2202 N. West. Shore Blvd., 5th Floor, Tampa, Florida 33607.

24.    Each Outback Steakhouse restaurant is directly managed and controlled by Defendant, BLOMMIN' BRANDS, INC., to help ensure uniformity and standardized practices throughout all of its Outback Steakhouse restaurants including uniformity in its wage policies and practices.

25.    With their single-minded focus on profitability and minimizing labor costs, Defendants take advantage of the FLSA's tipped employees tip credit by paying Plaintiff, and similarly situated class members, a wage that is less than the required federal minimum wage.

26.    Defendants pay Plaintiff an hourly wage rate of $2.15 as a Curbside Server.

27.    Upon information and belief, Defendants pay all of their Curbside Servers less than the federal minimum wage by taking advantage of a tip credit.

28.    Upon information and belief, the position of Curbside Server is uniform with regard to job duties and responsibilities and work schedules.

29.    As a Curbside Server, Plaintiff spends more than 20% of his time performing non-tipped job duties including, but not limited to, taking food orders for delivery companies, preparing food, bringing food to the delivery drivers, answering telephone calls, taking messages, and taking reservations.

30.    Plaintiff sometimes spends upwards of 40% of his time during a shift performing work for which he is not tipped.  By way of example, one of Plaintiff's job duties as a Curbside Server is taking food orders for outside delivery.  Upon taking the food order over the telephone, Plaintiff then places the order in a computer and, once prepared, packages the food for delivery

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

and brings the final product to a delivery driver to be delivered to the customer.  Although the delivery drivers receive tips upon delivery of the food, Plaintiff does not receive any tips for these services.

31.     Upon information and belief, all Curbside Servers employed by Defendant spend more than 20% of their time performing non-tipped job duties similar to those performed by Plaintiff.

32.     Despite their Curbside Servers spending more than 20% of their time performing non-tipped duties, Defendants utilize the tip credit to pay its Curbside Servers less than the federal minimum wage rate.

33.     However, Defendants may not utilize the tip credit for all of the time their servers spend performing non-tipped duties related to the tipped occupation if the related, non-tipped work exceeds 20% of the servers' time.

34.     Pursuant to FLSA §206, Defendants, as Plaintiff's employers, and other similarly situated employees, are required to pay at least the federal minimum wages for all hours worked in non-tipped related activities.

35.     The Defendants willfully violated FLSA §206 by failing to pay Plaintiff, and others similarly situated, at least the federal minimum wage rate for all hours spent working in non-tipped related activities.

36.     Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of the FLSA §206 that are complained of herein have been practiced and imposed upon all Curbside Servers who are, or have been, employed by the Defendants in the preceding three (3) years.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

37.     Plaintiff brings this action as a collective action pursuant to the Fair Labor Standards Act § 216(b), on behalf of herself and a class of persons consisting of "All Curbside Servers, Servers, Waiters/Waitresses, or other service employees who perform substantially the same work as employees with that title, who are employed, or have been employed, by Defendant within the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA 29 U.S.C. Section §216(b)."

38.     The claims of the Representative Plaintiff are typical of the claims of the Class.

39.     The number of potential Collective Class members is so numerous that a joinder of all members is impractical through the precise number of class individuals is presently in the sole possession of Defendant.  Nonetheless, with over 1,000 Outback Steakhouse restaurants across the United States, Plaintiff estimates the number of putative class members to be approximately 3,000 with turnover over the past three years.

40.     Plaintiff will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiff has retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiff and the Class members.

41.     Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a)  whether Defendants unlawfully claimed a tip credit and failed to pay their Curbside Servers at least the federal minimum wage rate for hours worked in non-tipped related activities in violation of the FLSA;

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

b) whether Defendants' policy of failing to pay their Curbside Servers at least the federal minimum wage rate has been instituted willfully or with reckless disregard of the law; and

c) the nature and extent of class-wide injury and the measure of damages for those injuries.

42.    Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following:  the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendant for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

43.    Defendants have willfully failed to pay its Curbside Servers the federal minimum wage rate for the purpose of minimizing payroll and increasing profitability.

44.    Defendants are liable under the FLSA for failing to properly compensate its Curbside Servers.  It is estimated that there are thousands of current or past similarly situated Curbside Servers who have been denied compensation of at least the federal minimum wage rate for hours worked in non-tipped related activities in violation of the FLSA.  These similarly situated employees would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join in the present lawsuit pursuant to FLSA §216(b). These similarly situated employees are known to Defendants, are readily identifiable, and can be

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

located only through Defendants' records.

45.     Upon information and belief, this policy is a corporate decision and is applied uniformly to all other similarly situated employees.

## COUNT I

## Minimum Wage Violation of the FLSA

## 29 U.S.C. §206

46.     Plaintiff alleges and incorporates by reference paragraphs one (1) through forty-five (45) of this Complaint and fully restates and re-alleges all facts and claims herein.

47.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Class members within the meaning of the FLSA.

49.     Defendants have willfully and intentionally engaged in a nationwide pattern and practice of violating the provisions of the FLSA, by unlawfully claiming a tip credit, and failing to compensate its Curbside Servers at least the federal minimum wage rate for all hours worked in a non-tipped related activity in violation of the FLSA §206.

50.     Defendants knowingly and willfully claimed a tip credit even though Plaintiff, and those similarly situated, spend more than 20% of their time performing non-tipped duties and are owed at least the federal minimum wage rate for time spent performing non-tipped job duties.

51.     Defendants knew or should have known that by spending more than 20% of their time performing non-tipped job duties Plaintiff, and those similarly situated, should be paid at

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

least the federal minimum wage rate.

52.     The widespread nature of Defendants' failure to pay the applicable minimum wage rate to their Curbside Servers is demonstrative of their willful plan and scheme to evade and avoid paying the proper hourly wage to their servers.

53.     As a result of Defendants' violations of the FLSA, Plaintiff and the Plaintiff Class, comprised of all other employees similarly situated, have suffered damages and are entitled to recover from Defendants the difference between the hourly rate paid and the applicable minimum wage rate, an additional amount equal as liquidated damages, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

54.     Defendants have not made a good faith effort to comply with the minimum wage requirements of the FLSA with respect to Plaintiff and the Collective Class.

55.     Due to Defendants' willful violation of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

56.     As a result of Defendants' unlawful acts, Plaintiff and the Plaintiff Class, comprised of all other similarly situated employees, have been deprived of wages in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

WHEREFORE, Mr. Biondi, individually, and on behalf of other past and present Curbside Servers, requests the following relief:

a)     An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

them to assert timely FLSA claims in this action by filing individual consents to join pursuant to § 216(b) and that notice be sent to all past and present employees of the Defendants at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

   b)  That the Court find Defendant in violation of the minimum wage provisions of the FLSA;

   c)  That the Court find Defendants' violation of the FLSA was and is willful;

   d)  That the Court enjoin Defendants, pursuant to *29 U.S.C. §217*, from withholding future payment of minimum wage compensation owed to members of the Plaintiff Class;

   e)  That the Court award to Mr. Biondi, and the Plaintiff Class, payment of minimum wage compensation of at least the federal minimum wage due AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216;

   f)  That the Court award Mr. Biondi and the Plaintiff Class reasonable attorneys' fees and costs pursuant to FLSA §216; and

   g)  That the Court award any other legal and equitable relief as this Court may deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

  Dated this ___21st___ day of May, 2014.

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

Respectfully submitted by,

Mitchell L. Feldman, Esq.
Georgia Bar. No. 257791
Feldman Morgado, P.A.
501 North Reo Street
Tampa, Florida 33609
Telephone: (813) 639-9366
Fax: (813) 639-9376
Email: mfeldman@ffmlawgroup.com
*Attorney for Plaintiff*

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366