# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (herein "Release") is made and entered into on this 17th day of October, 2014, by and between RAYMOND BIONDI (herein "Employee") and OS RESTAURANT SERVICES, LLC (herein "Employer") (collectively herein "Parties"). Employee is currently employed by Employer. The Parties desire to settle the claims brought by Employee against Employer and Outback Steakhouse of Florida, LLC ("Outback"), under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for alleged unpaid minimum wages, in the U.S. District Court for the Northern District of Georgia under Case No. 1:14-cv-01561-AT (herein "Litigation"). Accordingly, in consideration of the mutual promises set forth below, Employee and Employer agree as follows:

1. Employer will provide Employee with a sum of money specified below in return for Employee's execution of this Release, which is intended to fully and finally resolve any and all matters between Employer, Outback, and Employee except as otherwise specified herein, whether actual or potential, on terms that are mutually agreeable.

2. By entering into this Release, Employer does not admit to any underlying liability or to any underlying liability of its directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates (including Outback), parents, and insurers to Employee. Employer simply wishes to fully and finally resolve Employee's pending claims in the Litigation to avoid the distraction and cost of litigation.

3. Employer promises and obligates itself to perform the following covenants in return for the promises and performance undertaken by the Employee as set out in this Release:

   a.) Employer shall provide Employee with a payment in the gross amount of $5,000.00 (herein "Settlement Amount") divided as follows:

   i) a check to Employee in the amount of $750.00 less all usual taxes, in full satisfaction of his claims for back wages under the FLSA.

   ii) a check to Employee in the amount of $750.00 in full satisfaction of his claims for liquidated damages under the FLSA.

   iii) a check to Employee in the amount of $500.00 as additional consideration for Employee's release of all other claims that he purports to have against Employer through the date of this Release as set out in paragraph 4(c).

   iv) a check to Feldman Morgado, P.A. (Tax ID # 27-1410489) for $3,000.00 to cover Employee's claims for attorney's fees and expenses incurred in seeking legal advice in connection with this matter.

   b.) The sums described above shall be delivered directly to Feldman Morgado, P.A.,

Biondi's Initials: RB

EXHIBIT A

501 North Reo Street, Tampa, FL 33609 within five business days after the latter of the following two events:

    i)    Employer receives an original Release executed by the Employee; or

    ii)    the U.S. District Court for the Northern District of Georgia issues an order that either specifically approves this Release or dismisses the case.

c.)    Employer shall issue an IRS form W-2 for the payment described in paragraph 3(a)(i) above. Employer shall issue an IRS form 1099 for the payments described in paragraph 3(a)(ii), 3(a)(iii), and 3(a)(iv) above.

d.)    Employer shall comply with all other terms of this Release as provided for herein.

4.    Employee promises and obligates himself to perform the following covenants under this Release and further agrees that in making these covenants he has fully and carefully considered the promises made and the claims foregone as a result of the agreement made between the Parties:

a.)    Employee agrees that the amounts set out above in paragraph 3(a)(i) and 3(a)(ii) represent the full amounts owed to him for back pay wages through the date of this Release and an equal sum as liquidated damages. Employee further agrees that he has not compromised his back pay wages claim and that he has received additional consideration for the general release sought from him as set forth in this Release and that prior to accepting the consideration he evaluated said claims sought to be released. Employee further agrees that he is receiving a separate sum that sufficiently satisfies his claims for attorneys' fees and costs. Employee agrees to accept the amounts set forth in paragraph 3 above in full settlement of his claims in the Litigation.

b.)    Employee agrees to cooperate in the filing of a joint motion seeking court approval of this Release and dismissal with prejudice of the claims Employee has filed against the Employer in the Litigation. Employee agrees to cooperate with Employer in filing any materials that the Court may deem necessary to review or approve the Parties' settlement and this Release.

c.)    Acting for himself, his heirs, personal representatives, administrators and anyone claiming by or through him, Employee unconditionally and irrevocably releases, acquits, and discharges Employer and its Releasees from any and all claims that Employee may have against Employer or its Releasees as of the date of this Release, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees.

    i)    The term "Releasees" shall mean Outback and all related entities to the

Biondi's Initials: _RB_

      Employer, as well as the Employer's, Outback's and the Employer's related entities' past and present directors, officers, partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

  ii) The term "claims" shall include lawsuits, causes of action, obligations, promises, agreements, controversies, damages, debts, demands, liabilities, and losses of every kind (including third-party claims for indemnity or contribution against Employer or its Releasees). This Release specifically releases Employer and its Releasees from any and all obligations, duties, claims or torts existing through the date of this Release and arising out of Employee's employment with Employer, including, but not limited to and unless expressly excluded from this Release, claims arising under Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq., as amended), the Family Medical Leave Act of 1993 (29 U.S.C. § 2601, et seq., as amended), the Fair Labor Standards Act of 1938 (29 U.S.C. § 201 et seq., as amended), the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001, et seq., as amended), 42 U.S.C. § 1981, the continuation coverage provisions of the Omnibus Budget Reconciliation Act of 1986 (29 U.S.C. § 623 et seq., as amended), Georgia Minimum Wage Law, O.C.G.A. § 34-4-1, et seq., Georgia Whistleblower Act, O.C.G.A. § 45-14, Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §34-6A-1, et seq., O.C.G.A. § 34-4-2, O.C.G.A. § 34-5-3, and any other state or federal laws dealing with discrimination, retaliation, or workplace rights, as well as claims for unpaid wages, unpaid commissions, breach of contract, interference with contractual relationship, wrongful termination, intentional infliction of emotional distress, negligence, negligent hiring, negligent retention, wrongful discharge in violation of public policy, invasion of privacy, defamation, slander, assault, battery, fraud, or any other obligations, duties, claims or torts arising out of the employment relationship. The term "claims" shall include injuries or damage of any nature, regardless of whether such injuries or damage arise from accident, illness, occupational disease, negligence, intentional act, or some other origin. The term "claims" specifically includes third-party claims for indemnity or contribution against Employer or its Releasees. The term "claims" shall be construed to include any and all claims meeting the definitions in this subparagraph without regard to whether those claims are asserted or unasserted, known or unknown, ripe or unripe, direct or indirect, conditional or unconditional. The term "claims" includes not only claims for damages and other legal remedies but also claims for injunctive relief and any other equitable remedies.

  d.) Employee waives and relinquishes any rights that he may have to claim

Biondi's Initials: _KB_

reimbursement from Employer and its Releasees for attorneys' fees, litigation costs or expenses that he may have incurred in the course of obtaining legal advice on any matter related to Employer, except as otherwise specifically stated herein.

 e.) Employee waives and disclaims any right to any compensation that accrued prior to the execution of this Release that may be recovered at any time after the execution of this Release as a result of any proceeding that is brought against Employer or its Releasees, under the jurisdiction or authority of the EEOC, the Georgia Commission on Equal Opportunity or any other similar entity of a state's government, the U.S. Department of Labor or any similar entity of a state's government, or any other local, state, or federal court or agency. If any such agency or court assumes jurisdiction of or files any complaint, charge, or proceeding against Employer or its Releasees, Employee will request such agency or court to dismiss or withdraw from the matter.

 f.) Employee shall comply with all other terms of this Release as provided for herein.

5. Employee agrees that each of the following statements is truthful and accurate:

 a.) Employee is of sound mind and body.

 b.) Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

 c.) Employee has full legal capacity to make decisions for himself.

 d.) Employee is aware that this Release has significant legal consequences.

 e.) Employee has consulted with an attorney of his choice prior to signing this Release.

 f.) Employee has decided to sign this Release of his own free will, and his decision to sign this Release has not been unduly influenced or controlled by any mental or emotional impairment or condition.

 g.) Employee is not executing this Release because of any duress or coercion imposed on him by anyone.

6. Employee represents that he has not sold, transferred, or assigned to a third party any claims that he may have. Employee represents that any claims that he may have are unencumbered and otherwise within his power to dispose of. Employee represents that he does not have any other pending lawsuits, claims, or actions against Employer or Outback other than the claims brought in the Litigation or referenced herein.

Biondi's Initials: *RB*

7. Employee agrees that any and all prior understandings or agreements between Employee and Employer (or any of its Releasees) with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof. Notwithstanding this provision, this Release shall not in any way diminish any obligation, duty or undertaking owed by the Employee to Employer (or any of its Releasees) because of any other contract or agreement or law. The rights and releases given to Employer (and its Releasees) in this Release will be in addition to, and not in place of, any and all other rights held by Employer (or its Releasees) by virtue of any other contract, agreement or undertaking, and to that extent, the obligations of the Employee survive the execution of this Release.

8. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the Parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

9. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state or federal court of competent jurisdiction located in Hillsborough County, Florida, and the state and federal courts located in Hillsborough County, Florida shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

10. At the conclusion of any litigation or dispute arising out of or related to this Release, the prevailing party shall be entitled to recover any damages that are reasonably related to the breach of the Release including attorneys' fees and costs. In the event that the provisions of this Release are breached, the non-breaching party may seek damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release.

11. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

12. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

Biondi's Initials: ___

13. The Parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

Executed at 2309 Bernard Rd. [place] this 18 [date] day of October [month], 2014.

_____          _____
WITNESS                            RAYMOND BIONDI


Executed at Tampa, FL [place] this 28 [date] day of OCTOBER [month], 2014.

OS RESTAURANT SERVICES, LLC

_____          By: _____
WITNESS                            Title: Executive V.P.


Biondi's Initials: RB